UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Pioneer Landscaping & Asphalt Paving Inc.,　　　　　　Civil Action No.

　　　　　　　　　　　　　Plaintiff,　　　　　　　　**COMPLAINT**

　　　　　　　-against-　　　　　　　　　　　　　Jury Trial Demanded

Talon Veteran Services, Inc., d/b/a Sanford Federal Inc.,

　　　　　　　　　　　　　Defendant.
-------------------------------------------------------------------X

　　　　　Plaintiffs Pioneer Landscaping & Asphalt Paving Inc., (Pioneer), by and through their attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for its Complaint against Defendant Talon Veteran Services, Inc., d/b/a Sanford Federal Inc. ("Talon"), allege as follows:

## NATURE OF THE COMPLAINT

　　　　　1.　　That Pioneer was at all relevant times hereto and is a corporation organized and existing under and by virtue of the laws of the State of New York with its place of business located at 168 Townline Road, Kings Park, NY 11754.

　　　　　2.　　Upon information and belief, defendant Talon was at all relevant times hereto and is a corporation organized and existing under and by virtue of the laws of the State of Virginia with its place of business located at 525 Corporate Drove, Suite 203, Stafford, Virginia 22554-4890.

　　　　　3.　　Upon information and belief, the Federal Aviation Administration ("FAA"), was at all relevant times hereto and is a transportation agency of the United States government with an address of 800 Independence Avenue SW, Washington, D.C. 20591, is the owner of the property located at 40°52'43.00" N, 72°41'14.00, in Riverhead, NY (the "Premises") and is responsible for the public construction and improvement project known as QVH ARSR Radar Site, Riverhead, NY (the "Project").

4. Upon information and belief, defendant Talon and FAA entered into an agreement in which Talon agreed to perform and FAA agreed to pay for certain construction services in connection with the Project.

5. On October 4, 2022, Talon, as contractor, entered into a subcontract agreement (the "Subcontract") with Pioneer, as subcontractor, whereby Pioneer would provide labor, materials and equipment in connection with certain work, including, but not limited to asphalt, paving, and masonry, at the Project.

6. Pioneer performed each and every obligation on its part to be performed under the Subcontract and with regard to the Project, excepting those frustrated, waived and/or impeded by Talon.

7. In or about May 2023, Pioneer became entitled to receive from Talon the sum of at least $95,500.00 for services and/or materials provided by Pioneer in connection with the Project and Subcontract, of which the sum of at least $95,500.00 had not been paid despite due demand therefor.

8. On December 21, 2023, Talon entered into a Settlement Agreement (the "Agreement") with Pioneer, whereby Talon agreed to make four (4) $23,875.00 installments over the course of one (1) month, totaling the principal sum of $95,500.00. The first installment was due on December 22, 2023.

9. Talon failed to issue payment, resulting in its default under the terms of the Agreement. Pioneer thus brings this action to, among others; recover the amount due and owing to it for its full performance in connection with the Agreement, namely $95,500.00, plus interest and fees as a result of Talon's breach.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship between the Pioneer and Talon, and because the amount in controversy exceeds $75,000. This court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367.

11. Jurisdiction is also proper according to the terms of the Settlement Agreement, which specifies, "any disputes arising out of the Agreement shall be subject to the exclusive jurisdiction of the courts of New York."

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (FOR BREACH OF THE PARTIES SETTLEMENT AGREEMENT)

13. Plaintiff Pioneer repeats and realleges each and every allegation set forth in paragraphs "1" through "12" of this Complaint as if fully set forth herein.

14. Through the Agreement, Pioneer and Talon became parties to a written contract.

15. Under the Agreement, Talon agreed, "to pay the sum of $95,500.00 to the Subcontractor as full and final settlement of all outstanding payments, claims, or liabilities under the subcontract. The payment will be made in the form of four (4) equal weekly installments ($23,875.00) each, with the first installment due on December 22nd, 2023 The remaining installments will be paid on December 29, 2023, January 05, 2024 and January 12, 2024."

16. Talon, however, failed to issue payment in accordance to the above referenced terms. Such failure constituted material breach.

17. Despite due demand therefor, Talon has failed to make payment under the Agreement, leaving the sum of at least $95,500.00 due and owing to Pioneer.

18. As a result of Talon's breach, Pioneer has suffered damages in the amount of at least $95,500.00,

19. By reason of the foregoing, Talon is indebted to Pioneer in a sum to be determined at trial, but in no event less than $95,500.00, together with interest thereon.

**WHEREFORE**, the plaintiff Pioneer Landscaping & Asphalt Paving Inc., respectfully demands judgment in the amount to be determined at trial but no less than $95,500.00, together with interest thereon; and for such other and further relief as this court may deem just and proper.

Dated:   Mineola, New York
         January 3, 2024

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Plaintiffs*
*Pioneer Landscaping &*
*Asphalt Paving Inc.*

By: _____
    Manny A. Frade, Esq.
    Susan M. Pew, Esq.
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300
mfrade@meltzerlippe.com